IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CARL EDDINGTON**                                                                                   **PLAINTIFF**

V.                                     NO. 4:21-CV-01221-JTK

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                      **DEFENDANT**

**ORDER**

## I. Introduction:

Plaintiff, Carl Eddington ("Eddington"), applied for disability benefits on July 22, 2019, alleging a disability onset date of June 27, 2019. (Tr. at 42). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Eddington's application on December 29, 2020. (Tr. at 51). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Eddington has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

## II. The Commissioner's Decision:

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

The ALJ found that Eddington had not engaged in substantial gainful activity since the alleged onset date of June 27, 2019.[2] (Tr. at 44). The ALJ found, at Step Two, that Eddington had the following severe impairments: right ankle degenerative changes and Achilles calcifications, depression, and substance abuse disorder. *Id*.

After finding that Eddington's impairments did not meet or equal a listed impairment (Tr. at 45-46), the ALJ determined that Eddington had the residual functional capacity ("RFC") to perform work at the light exertional level, except that he can only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. at 46). Further, Eddington is limited to simple, routine, repetitive work, and simple, work-related decisions. *Id*.

The ALJ found that Eddington was unable to perform any of his past relevant work. (Tr. at 49). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Eddington's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 49-50). Therefore, the ALJ found that Eddington was not disabled.

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

*Id.*

### III. <u>Discussion:</u>

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co.*

3

*v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

    B. Eddington's Arguments on Appeal

Eddington contends that the evidence supporting the ALJ's decision is less than substantial. He argues that he could not perform the standing and walking required of light work.

Eddington's main complaint pertains to his ankles and right Achilles tendon. He exhibited stiffness and tenderness in the right ankle in October 2019. (Tr. at 386, 438-446). An MRI showed thickening and irregularity of the Achilles due to tendinosis. *Id*. There was also osteoarthritis. *Id*.

Eddington had steroid injections for his Achilles, and he said he experienced pain relief for six to seven weeks thereafter, and that his swelling improved. (Tr. at 72-80, 435). At the hearing, he said he used an analgesic cream and Ibuprofen. *Id*. He said medication helped. (Tr. at 78).

In May 2020, Eddington said that Volaren gel and stretching exercise helped. (Tr. at 48). At office examinations, he had mild tenderness along the Achilles but good ankle range of motion and good strength. (Tr. at 438-445). He did not use assistive devices. Eddington said he tried to do simple things like cooking and

laundry but had difficulty. (Tr. at 73-74).

Eddington claimed that he could not walk or stand for very long. Light work requires a good deal of walking and standing. 20 CFR § 404.1567. There is certainly evidence that Eddington had foot and ankle impairments, but a diagnosis alone does not warrant a disability finding. See *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Also, subjective complaints on their own cannot make a claimant's disability case. See *Reter v. Railroad Retirement Board*, 465 F.3d 896, 899 (8th Cir. 2006). The claimant must establish a significant functional loss.

Although Eddington claimed he was virtually unable to walk, sit, or stand, he also said that he improved with treatment, and treatment was overall conservative. Clinical exams did not show disabling physical conditions. He said at the hearing that he had gotten better over the last year. (Tr. at 80). Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

Eddington had surgery on his Achilles in 2021, nine months after the ALJ's decision, and he submitted those records to the Appeals Council. (Tr. at 10-23). The Appeals Council found that the records did not related to the period at issue and would not change the ALJ's decision. (Tr. at 1-4). The Appeals Council must consider evidence submitted with a request for review if it is "(a) new, (b) material,

5

and (c) relates to the period on or before the date of the ALJ's decision." *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir. 1990)). There must be a reasonable likelihood that it would have changed the ALJ's decision. *Woolf v. Shalala* 3 F.3d 1210, 1215 (8th Cir. 1993). Surgery was discussed throughout the relevant time-period, but Eddington only elected for surgery after the hearing decision. And he did not experience complications or deterioration after surgery.[3] There were no records showing functional loss after the surgery. The Appeals Council correctly decided that the new evidence would not require reversal of the ALJ's determination.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC for light work fully incorporated Eddington's credible impairments. The finding that Eddington was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

---

[3] Eddington's orthopedic only limited him to non-weight bearing for 5 to 6 weeks post-op. (Tr. at 15).

IT IS SO ORDERED this 12th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE